# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 21-10571
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE RODRIGUEZ-VASQUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-330-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Jose Rodriguez-Vasquez appeals his conviction and sentence for reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Rodriguez-Vasquez argues that treating a prior conviction that increases the statutory maximum under § 1326(b)(2) as a sentencing factor, rather than as

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10571

an element of the offense, violates the Constitution and rendered his guilty plea unknowing and involuntary. He correctly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As the Government asserts and as Rodriguez-Vasquez concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time is DENIED.